## DECLARATION OF PAUL G. STERN

I, Paul G. Stern, hereby declare and state as follows:

1. I am an Assistant United States Attorney ("AUSA") for the Central District of California. In that capacity, I have been assigned, together with AUSA Ranee A. Katzenstein, the responsibility of representing the United States in <u>United States v. Joel Barry Gillis and Edward Wishner</u>, case number CR 14-712-SJO. I make this declaration in support of the government's response to the Joint Ex Parte Application, filed on August 12, 2015 (Docket No. 70), of defendant JOEL BARRY GILLIS ("defendant GILLIS") and defendant EDWARD WISHNER ("defendant WISHNER") to continue the sentencing of both defendants in this matter, currently scheduled for September 21, 2015, for nearly three months to December 14, 2015. I have knowledge of the facts set forth herein and could and would testify to those facts fully and truthfully if called and sworn as a witness.

### Status of Proceedings

2. On December 16, 2014, the government filed a four-count Information charging defendants GILLIS and WISHNER with conspiracy to commit mail fraud and wire fraud, in violation of 18 U.S.C. § 1349; two counts of mail fraud, in violation of 18 U.S.C. § 1341; and one count of wire fraud, in violation of 18 U.S.C. § 1343. The information alleges that defendants GILLIS and WISHNER, together with their company Nationwide Automated Systems, Inc. ("NASI"), operated a fraudulent Automated Teller Machine ("ATM") sale/lease-back program through which they obtained hundreds of millions of dollars from

thousands of victim investors located throughout the United States. (Information, ¶¶ 1-5 [Docket No. 1].)[1]

3. On January 13, 2015, defendant WISHNER pled guilty to the charges in the Information. (Docket No. 44.) On January 21, 2015, defendant GILLIS pled guilty to the charges in the Information. (Docket No. 50.)

4. The Court set March 30, 2015, as the date for the hearing on defendants' sentencing. On February 13, 2015, pursuant to a stipulation of the parties, the Court continued the date for the sentencing hearing to July 20, 2015. (Docket Nos. 59, 61.)

5. On May 21, 2015, defendants filed their joint ex parte application to continue the sentencing hearing for six months to December 14, 2015. (Docket No. 63). On May 22, 2015, the government filed a partial opposition to defendant's ex parte application, arguing that the 6-month continuance requested by defendants was unwarranted but that a shorter 10-week continuance would be reasonable. (Docket No. 64). On May 26, 2015, the Court denied the 6-month continuance requested by defendants but granted a shorter nine-week continuance in the sentencing hearing, to September 21, 2015 at 9 a.m. (Docket No. 65).

<u>Any Further Continuance of These Proceedings Is Unwarranted</u>

6. Defendants now renew their request for another lengthy, nearly three-month continuance of the sentencing hearing on three principal grounds. First, defendants claim that they need additional time because none of the detailed information that they presented to the United States Probation Office ("USPO") was incorporated in the

---

[1] The Docket incorrectly states that the Information includes three counts.

1   Presentence Report ("PSR") that was disclosed on August 10, 2015
2   (Docket Nos. 67-68).  (Declaration of Samuel Josephs ("Joseph Dec.")
3   ¶¶ 3-5).  Second, according to defendants, there are errors in the
4   government's loss spreadsheet arising from the fact that the
5   government did not credit monies returned not to individual investors
6   but to entities such as trusts and corporations, which also
7   separately invested in defendants' Ponzi-scheme enterprise.  (Id. ¶¶
8   6-7).  Third, defendants claim that they have not been provided
9   information with respect to a fraction of investors who were net
10  winners in their receipt of returns on their initial investment,
11  information that will purportedly provide the Court with a more
12  "complete picture of the nature and circumstances of the offense"
13  and potentially serve to mitigate the nature of defendants'
14  wrongdoing.  (Id. ¶ 9).
15       7.   The government respectfully submits that none of the
16  grounds adduced by defendant suffice to warrant the 3-month
17  continuance that has been requested.  First, by defendants' own
18  admission, they have already presented a wealth of information to the
19  USPO concerning "the appropriate loss analysis in this case," "the
20  nature and circumstances of the offense," "extensive mitigating
21  information regarding the history and characteristics of the
22  defendant," and "a number of reasons why a variance/departure from
23  the Sentencing Guidelines would be appropriate."  (Josephs Dec. at ¶
24  3).  That defendants have already assembled this information and
25  analysis and presented it to the USPO confirms that they are indeed
26  prepared to proceed with sentencing, irrespective of whether this
27  information was set forth in and/or adopted by the PSR.  Given that
28  defendants have already provided this detailed information and

analysis to the USPO, it would appear that it will be relatively easy for them to formulate their objections to the PSR and their final sentencing position based on the materials and analysis that they have previously assembled.

8.   Second, to the extent that defendants have objections to the government's loss spreadsheet based on their claim that the government has not accounted for returns on investment made to entities such as corporations and trusts, this does not provide a ground for a continuance but only a basis for contesting the government's loss figures and offering an alternative account of loss.  While the government believes that it has properly credited both categories of returns in its analysis of loss to individual investors, the fact that defendants disagree with the government's loss computations is hardly a reason to continue the sentencing. Indeed, this is a matter that should, and will be, resolved through a timely presentation of the parties' competing positions at the currently-scheduled sentencing hearing.  Further, the government has provided defendants with the underlying data and evidence pertinent to these loss computations, including relevant bank records and investor files, several months ago, and accordingly there is no reasonable basis for defendants to claim that they have not been afforded sufficient time to complete their own independent analysis of loss.

9.   Third, to the extent that defendants are now claiming that they have not had sufficient time to complete an analysis of investors who qualify as net winners, that contention is similarly meritless.  Defendants were provided with a complete set of all investor files by the end of January 2015, as well as with a complete

4

set of all pertinent bank records by no later than April 29, 2015. Defendants nowhere explain in their request for an additional 3-month continuance of the sentencing hearing what efforts they have made to calculate net gains to investors based on the records that have already been produced, and why they need an additional three months to review records they have had for a substantial period of time. While the government has agreed to share some compilations with defendant relating to possible net gains to a fraction of investors (see Josephs Dec. ¶ 9), the government does not concede either that these compilations are particularly germane to sentencing or afford grounds for the continuance requested by defendants.

10. Accordingly, for the reasons stated above, the government opposes any further continuances of the sentencing proceedings for defendants GILLIS and WISHNER.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on August 12, 2015.

_____
PAUL G. STERN