SPERTUS, LANDES & UMHOFER, LLP
James W. Spertus (SBN 159825)
Samuel A. Josephs (SBN 284035)
1990 S. Bundy Dr., Suite 705
Los Angeles, California 90025
Telephone: (310) 826-4700
Facsimile: (310) 826-4711
jim@spertuslaw.com
sam@spertuslaw.com

Attorneys for Defendant
Joel Barry Gillis

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. CR 14-712-SJO |
|---|---|
| Plaintiff, | **RENEWED JOINT EX PARTE APPLICATION TO CONTINUE SENTENCING FOR DEFENDANTS JOEL GILLIS AND EDWARD WISHNER; DECLARATION OF SAMUEL A. JOSEPHS** |
| vs. | |
| JOEL BARRY GILLIS, | |
| Defendant. | |

TO THIS HONORABLE COURT AND ALL PARTIES OF RECORD, PLEASE TAKE NOTICE THAT defendant Joel Barry Gillis, by and through his attorneys of record, James W. Spertus and Samuel A. Josephs, and Edward Wishner, by and through his counsel of record, Reuven L. Cohen, hereby respectfully renew their request that the Court continue sentencing in this matter to December 14, 2015 at 9:00 a.m., or another date that is convenient for the Court, based on new facts that were unknown when the first application for a continuance was filed.

//

//

EX PARTE APPLICATION TO CONTINUE SENTENCING

This *ex parte* application is based on the attached Declaration of Samuel A. Josephs.

DATED: August 18, 2015

SPERTUS, LANDES & UMHOFER, LLP

James W. Spertus
Samuel A. Josephs
Attorneys for Joel Barry Gillis

DATED: August 18, 2015

DORDI WILLIAMS COHEN, LLP

/s/ *Reuven L. Cohen*
Reuven L. Cohen
Attorneys for Edward Wishner

## DECLARATION OF SAMUEL A. JOSEPHS

I, SAMUEL A. JOSEPHS, hereby state and declare as follows:

1. I am an attorney duly licensed to practice before this Court and am counsel for Defendant Joel Barry Gillis. I submit this declaration in support of Mr. Gillis's renewed *ex parte* application to continue sentencing in this matter to December 14, 2015, at 9:00 a.m., or another date that is convenient for the Court.

2. On August 12, 2015, Mr. Gillis and Mr. Wishner filed a joint *ex parte* application to continue sentencing from September 21, 2015 to December 14, 2015. Mr. Gillis and Mr. Wishner requested the continuance based primarily on their need for more time to develop the facts necessary to challenge the government's loss analysis. The government opposed the request on August 12, 2015, and the Court denied the request. In opposition to the request for a continuance, the government declared to the Court on August 12, 2015, as follows:

> [T]o the extent that defendants are now claiming that they have not had sufficient time to complete an analysis of investors who qualify as net winners, that contention is similarly meritless. ***Defendants were provided with a complete set of all investor files by the end of January 2015, as well as with a complete set of all pertinent bank records by no later than April 29, 2015***. Defendants nowhere explain in their request for an additional 3-month continuance of the sentencing hearing what efforts they have made to calculate net gains to investors based on the records that have already been produced, and why they need an additional three months to review records they have had for a substantial period of time.

Declaration of Paul Stern, pp.4:24-5:6 (Docket No. 71-1). The government also represented to the Court that the defense was provided with a complete set of all investor files by the end of January 2015, as well as with a complete set of all pertinent bank records by no later than April 29, 2015. The day after making this

representation to the Court, the government produced an additional production containing nearly 8,000 pages of financial discovery relevant to sentencing issues and loss analysis. The defense received the nearly 8,000 pages of new discovery on August 17, 2015. In addition, Mr. Gillis and Mr. Wishner are presently reviewing files located at the Receiver's office.

3. In its supporting declaration opposing the original request for a continuance, the government neglected to tell the Court that, while it had previously produced bank records and investor files, it did not disclose its loss analysis or theories of loss to Mr. Gillis and Mr. Wishner until *May 29, 2015*. Immediately after receiving the government's loss analysis, on *June 2, 2015*, the defense sent the government a letter seeking clarification of certain items and asking for additional records. Among other items, the defense requested: (1) a breakdown of what percentage of each investor's total investment constituted re-investment of money previously paid to that investor, since those amounts do not represent actual loss; and (2) the amounts that "net winners" profited. The government has not produced either of these requested items. As to the first item, the government informed the defense that it does not consider such information to be relevant to sentencing, and as to the second item, on *August 10, 2015*, the government informed the defense it was still in the process of obtaining information pertaining to the net winners.

4. The government has the burden of proving loss. *See United States v. Barnes*, 125 F.3d 1287, 1290 (9th Cir. 1997). In their original request for a continuance, Mr. Gillis noted that more time is needed to gather facts relevant to two reasons why the government has not carried its burden of proving loss. First, "payments to losing investors up to the amount of their investment do not count as losses." *United States v. Van Alstyne*, 585 F.3d 803, 818 (9th Cir. 2009). To date, the government has not provided the defense with any payments NASI made to individual investors by way of any entity that individual investor owned and

operated. Mr. Gillis and Mr. Wishner are currently reviewing the investor files at the Receiver's office in San Diego, California, which consists of approximately forty-two boxes of files. Mr. Gillis and Mr. Wishner have identified numerous examples of payments from NASI that were not credited to investors the government claims lost money. There are approximately 1,300 investor files Mr. Gillis and Mr. Wishner are reviewing and will therefore be reviewing these files and collecting the relevant information for the remainder of the week.

5. Mr. Gillis and Mr. Wishner renew their request for a brief sentencing continuance so that they can adequately prepare for sentencing. The government has produced hundreds of thousands of pages of documents relevant to the loss analysis in this case, and it continues to produce bank records and financial statements to the defense despite telling the Court otherwise. In addition, the government did not produce its loss analysis, on which it bears the burden of proof, until May 29, 2015. Not until that time was the defense in a position to begin analyzing the government's loss theories and able to start identifying facts that undercut the government's calculations. Mr. Gillis and Mr. Wishner, through their counsel, have been communicating with the government throughout this period of time, which has included diligently identifying deficient areas of production and requesting information from the government that is highly relevant to sentencing. The government has not only failed to provide much of that information, but it has continued to produce thousands of pages of documents to the defense while rushing forward to sentencing. In light of the volume of materials that have been produced and the ongoing review Mr. Gillis and Mr. Wishner are currently undertaking, the defense is not in a position to have sentencing position papers filed by September 7, 2015, and a sentencing hearing on September 21, 2015. A brief continuance is requested.

6. On August 18, 2015, I emailed Assistant United States Attorneys Ranee Katzenstein and Paul Stern regarding the instant *ex parte* application. The government stated its position as follows: "The government does not oppose a brief continuance of no more than four weeks to afford defendants additional time to complete their analysis of financial records, including records recently obtained by the government and provided to defendant; however, for the reasons set forth in the opposition to defendant's request for continuance, which the government filed on August 12, 2015 (Docket No. 71), the government opposes any lengthier continuance which would only serve to delay the proceedings and impede the vindication of the victims' rights."

7. It should be noted that the government waited approximately three months to charge this case by way of Information after my colleague, James Spertus, informed the government that Mr. Gillis was willing to accept responsibility.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing facts are true and correct. Executed this 18th day of August, 2015, at Los Angeles, California.

Dated: August 18, 2015         Respectfully submitted,

                               _____
                               Samuel A. Josephs