# EXHIBIT F



# UNITED STATES OF AMERICA

## SECURITIES AND EXCHANGE COMMISSION

### In the Matter of Nationwide Automated Systems, Inc. (LA-4407)

To:     Custodian of Records
        Nationwide Automated Systems, Inc.
        5000 No. Parkway, Suite 303
        Calabasas, CA  91302

☑     **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date, and time specified below.

Peter F. Del Greco, United States Securities and Exchange Commission, 5670 Wilshire Boulevard, Suite 1100, Los Angeles, CA  90036 on or before July 2, 2014, at 10:00 a.m.

☐     **YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at the place, date, and time specified below.

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.**
Failure to comply may subject you to a fine and/or imprisonment.

By: *Peter Del Greco*                Date:   June 17, 2014
    Peter F. Del Greco
    Staff Counsel
    Enforcement Division

I am an officer of the Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation under section 20(a) of the Securities Act of 1933 and section 21(a) of the Securities Exchange Act of 1934.

NOTICE TO WITNESS:     If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

Exhibit   2   Page   20



**ATTACHMENT TO SUBPOENA ISSUED TO**
**NATIONWIDE AUTOMATED SYSTEMS, INC.**
**IN THE MATTER OF NATIONWIDE AUTOMATED SYSTEMS, INC. (LA-4407)**
**JUNE 17, 2014**

A.   **DEFINITIONS**

1.   "Document" includes, but is not limited to, electronic documents, e-mail transmissions, metadata, facsimiles, including facsimile cover sheets, books, papers, files, notes, writings, drawings, graphs, charts, spreadsheets, photographs, sound recordings, images, account statements, confirmations, reports, correspondence, memoranda, ledger sheets, telegrams, telexes, telephone bills, messages or logs, notes or minutes of conversations or meetings, contracts, agreements, calendars, rolodexes, date books, address books, diaries, schedules, itineraries, travel logs, bank statements, worksheets, summaries, desk files, invoices, bills, records of billings, financial records, checks (front and back), wire transfers, drafts for money, records of payment, tape recordings, disks, diskettes, disk packs and other electronic media, microfilm, microfiche and storage device, ambient data (*e.g.*, unallocated clusters, file slack, and virtual memory files), and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated.

2.   "Communication" means and includes, without limitation, any and all written, oral, telephonic, electronic, or other utterances of any nature whatsoever, shared, shown, transferred between or among any two or more persons or entities, including, but not limited to, correspondence, memoranda, notes, e-mail, instant messages, chat, discussion forums, telephone conversations, and other conversations, conferences or meetings, statements, inquiries, discussions, dialogues, consultations, negotiations, agreements, understandings, meetings, letters, notations, telegrams, advertisements, or interviews.

3.   "Agreement" means any actual or contemplated (a) written or oral agreement; (b) term or provision of such Agreement; or (c) amendment of any nature or termination of such agreement. A request for any agreement among or between specified parties includes a request for all documents concerning (a) any actual or contemplated agreement among or between such parties, whether or not such agreement included any other person; (b) the drafting or negotiation of any such agreement; (c) any actual or contemplated demand, request or application for any such agreement, and any response thereto; and (d) any actual or contemplated objection or refusal to enter into any such agreement, and any response thereto.

4.   "NASI" means Nationwide Automated Systems, Inc. and any of its present or former parents, subsidiaries, joint ventures, related corporations, partnerships or professional associations, affiliates, principals, controlling shareholders, officers, directors, general

Exhibit  2  Page  4

or limited partners, associates, employees, agents, independent contractors, attorneys, advisors, investment bankers, experts, persons acting on its behalf, and any aliases, code names, or trade or business names used by any of the foregoing.

5.  Reference to a person shall also include that person's trusts, affiliates, employees, agents, partners, and independent contractors, as well as aliases, code names, trade names, or business names used by, or formerly used by, any of the foregoing.

6.  Reference to an entity shall also include that entity's parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, partners, and independent contractors, as well as aliases, code names, trade names, or business names used by, or formerly used by, any of the foregoing.

7.  Documents or communications "relating to," "relate to," "regarding," or "concerning" a given subject matter means any document or communication that constitutes, contains, embodies, comprises, reflects, identifies, states, alludes to, refers to, relates to, deals with, comments on, responds to, describes, analyzes, or is in any way pertinent to that subject, including, but not limited to, documents concerning the presentation of other documents.

8.  To "identify" a person or entity means to provide that person's or entity's full legal name, nicknames, residential address(es), business address(es), nationality, telephone number(s), e-mail address(es), and associated financial institution(s), if applicable.

9.  To the extent necessary to bring within the scope of this request any information or documents that might otherwise be construed to be outside its scope:

    (a)  the word "or" means "and/or";

    (b)  the word "and" means "and/or";

    (c)  the functional words "each," "every" "any" and "all" shall each be deemed to include each of the other functional words;

    (d)  the masculine gender includes the female gender and the female gender includes the masculine gender;

    (e)  the singular includes the plural and the plural includes the singular;

    (f)  the words "including" and "includes" mean "without limitation"; and

    (g)  the past tense includes the present tense and vice versa.

10.  Unless otherwise stated, produce documents dated, written, generated, received, or existing during the period from **January 1, 2010 through date of this subpoena** (the "Subpoena Period").

Exhibit___2___Page__22__

**B.**    <u>**INSTRUCTIONS**</u>

1.    You must produce all documents and communications sought in this subpoena that are in your possession or control, be it actual or constructive, including but not limited to your documents and communications that are in the possession of any third-party vendor. **This includes documents that are not currently in your possession, but that you have the ability to obtain or control.**

2.    Unless otherwise specified, this subpoena calls for production of the original documents and all copies and drafts of same. You may provide original documents or copies of original documents, at your expense, with the understanding that the staff has the right to compel production of the original documents at a later date. The Commission cannot reimburse you for the copying costs. If you are sending copies, the staff requests that you scan (rather than photocopy) hard copy documents. All electronic documents responsive to the document request, including all metadata, must also be secured and retained in their native software format and stored in a safe place. The staff may later request or require that you produce the native format. **All electronic productions shall be provided on CD, DVD, or USB external hard drive and must comply with the Commission's Data Delivery Standards (see attached).**

3.    Whether you scan or photocopy documents, the copies must be identical to the originals, including even faint marks or print. Also, please note that if copies of a document differ in any way, they are considered separate documents and you must send each one. For example, if you have two copies of the same letter, but only one of them has handwritten notes on it, you must send both the clean copy and the copy with handwritten notes.

4.    All documents must be produced in the manner in which they were maintained. For example, if documents are maintained loose in a file folder, the documents are to be produced in that same manner and not reorganized and/or put into a binder. On the other hand, if documents are maintained in a binder, the documents are to be produced in the binder. Produce the entirety of each and every document described below, without alteration, deletion or obliteration of any information contained therein, even though such information is not specifically requested.

5.    If any of the documents called for are not produced, for whatever reason, including a claim of attorney-client privilege, submit a list of the documents not produced and state for each document:

    (a)    the identity and position of the creator(s);

    (b)    the creation date;

    (c)    its present or last known custodian;

    (d)    a brief description, including the subject matter;

Exhibit ___2___ Page ___23___

    (e)    the identity and position of all persons or entities known to have been furnished the document or a copy of the document, or informed of its substance

    (f)    the reason the document is not being produced;

    (g)    the specific request in **Paragraph C**, below to which the document relates;

    (h)    in the case of a claim of attorney-client privilege, the attorney(s) and the client(s) involved; and

    (i)    in the case of a claim of the work product doctrine, the litigation for which the document was prepared in anticipation and the first date that the subject litigation was anticipated.

Additionally, if the document is no longer in existence, please state the actual or approximate date it ceased to exist, the circumstances under which it ceased to exist, and the identity of all persons having knowledge of the circumstances under which it ceased to exist or having knowledge of the contents thereof.

6.    Documents provided in response to this request shall be identified as responsive to the number of the individual demand in **Paragraph C**, below to which they are requested.

7.    **If the Document production contains Bank Secrecy Act materials, please segregate and label those materials within the production.**

8.    All documents produced <u>must</u> be legible.

9.    **Documents should be labeled with sequential numbering (*i.e.*, bates-stamped).**

10.    For business records, provide a certification from the custodian of records or other qualified person that the documents produced are records of regularly conducted business activities (see attached exemplars).

C.    **REQUIRED DOCUMENTS**

1.    All Documents (including without limitation links to all Internet websites, blogs, and videos) used to promote NASI and/or any investment opportunity offered by or on behalf of NASI.

2.    Documents sufficient to identify and provide current contact information for all persons who at any time have promoted NASI and/or any investment opportunity offered by or on behalf of NASI.

3.    Documents sufficient to identify – by name, address, telephone number and email address – all present and former officers, directors, owners, and/or managers of NASI, and for each person identified in response to this item, all titles and positions held by the person identified and his or her dates of affiliation with NASI.

4.    Documents sufficient to identify all accounts at any financial institution held in the name of or for the benefit of NASI.

SEC 1662 (09-11)

4

Exhibit _2_ Page _24_



5. For each account identified in response to Item 4, monthly bank statements, checks, deposit slips, and all documents sufficient to identify all transactions occurring in each such account.

6. All ATM equipment purchase agreements entered into by NASI and all addendums thereto.

7. Documents that evidence NASI's ownership of the ATMs that are the subject of the equipment purchase agreements produced in response to Item 6.

8. All ATM equipment lease agreements entered into by NASI and all addendums thereto.

9. Documents sufficient to identify – by location name, street address, city, state, phone number and serial number – all ATMs that are the subject of the equipment lease agreements produced in response to Item 8.

10. All written notices to terminate equipment lease agreements received by NASI.

11. Documents sufficient to identify on a monthly basis all "approved transactions" produced by the ATMs that are the subject of, and as that term is defined in, NASI's equipment lease agreements.

12. Documents evidencing NASI's insurance coverage on the ATMs that are the subject of NASI's equipment lease agreements.

13. All press releases and letters to investors issued by or disseminated on behalf of NASI.

14. Documents which evidence NASI's claim in its September 2013 letter to investors to have purchased ATMs at several hundred convenience store locations.

15. Documents which evidence NASI's claim in its February 2014 letter to investors to have secured ATMs at 1,480 additional convenience store locations.

16. Documents which evidence NASI's agreement(s) with ATM sponsors.

17. Documents which evidence NASI's agreements(s) with ATM transaction processors.

18. Documents which evidence NASI's agreement(s) with ATM service providers.

19. All financial statements (balance sheets, assets and liabilities, profit and loss statements), audited and unaudited, prepared for NASI.

20. Tax returns, federal and state, submitted by NASI.

21. Documents sufficient to identify all trust companies acting as custodian in handling qualified funds invested with NASI.

22. All Documents pertaining to the arbitration of any controversy or claim arising out of or related to any ATM equipment lease agreement to which NASI is or was a party.

23. All Documents evidencing any investment, loan, or line of credit agreement between NASI and Fuel Doctor, Inc.