EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
RANEE A. KATZENSTEIN (Cal. Bar No. 187111)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
PAUL G. STERN (Cal. Bar No.162734)
Assistant United States Attorney
Senior Litigation Counsel, Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2432/0715
     Facsimile: (213) 894-6269
     E-mail:    ranee.katzenstein@usdoj.gov
                Paul.stern@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 14-712-SJO |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT EDWARD WISHNER'S SENTENCING POSITION |
| v. | |
| JOEL BARRY GILLIS and EDWARD WISHNER, | Hearing Date: November 16, 2015<br>Hearing Time: 9:00 a.m.<br>Location:    Courtroom of the<br>             Hon. S. James Otero |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Ranee A. Katzenstein and Paul G. Stern, hereby files its Response to defendant EDWARD WISHNER's Sentencing Position.[1]

---

[1] The government filed its Combined (1) Partial Concurrence in the Presentence Reports and (2) Positions re Sentencing of Defendants JOEL BARRY GILLIS and EDWARD WISHNER on November 2, 2015. (CR 84.) In that pleading, the government responded to the arguments in GILLIS' sentencing position, which was filed September 14, 2015, and
*(footnote cont'd on next page)*

The government's Response to defendant WISHNER'S Sentencing Position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit at the sentencing in the above-entitled matter.

Dated: November 9, 2015         Respectfully submitted,

                                EILEEN M. DECKER
                                United States Attorney

                                LAWRENCE S. MIDDLETON
                                Assistant United States Attorney
                                Chief, Criminal Division


                                      /s/
                                ─────────────────────────────
                                RANEE A. KATZENSTEIN
                                PAUL G. STERN
                                Assistant United States Attorneys

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

---

sought leave to file a supplemental sentencing position in order to respond to any arguments that defendant WISHNER might present in his still-to-be filed sentencing position.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  Introduction**

In his Sentencing Position, defendant EDWARD WISHNER ("defendant WISHNER") describes the daunting task that he believes his case presents to this Court because, based on his own self-characterization, he is "[a] paradoxical septuagenarian" that now finds himself facing a life sentence in federal prison. (Defendant EDWARD WISHNER'S Sentencing Position. ("Def. Sen. Pos.") at 1.)

According to defendant WISHNER, imposition of a substantial term of incarceration upon him would be a travesty in that "[a]s an increasingly-infirm 77 year-old man who has led an otherwise decent and law-abiding life, Mr. Wishner poses no ongoing threat to society," such that the only real, albeit limited, purpose that defendant's sentencing can serve is that of "retribution." (Id.) Moreover, exacting a serious criminal sanction on defendant WISHNER will not provide just punishment for his offenses, or at least partially right the wrongs he has done, because all parties to the sentencing proceeding, both defendant WISHNER's family members and his victims – "innocent," "gentle," "shaken souls," one and all – are uniformly "broken-hearted," such that no outcome will be satisfactory to those affected by the proceedings.[1] (Id.)

The government strongly disagrees. Defendant's characterization is not congruent with the facts of this case, and it distorts and trivializes the sentencing process.

---

[1] Defendant WISHNER makes other arguments in his sentencing position, which were also made by defendant GILLIS. These other arguments were addressed in the government's Combined (1) Partial Concurrence in the Presentence Reports and (2) Positions re Sentencing of Defendants JOEL BARRY GILLIS and EDWARD WISHNER on November 2, 2015. (CR 84.)

**II. Defendant WISHNER's Fraud Was Neither "Paradoxical" Nor "Aberrant"**

Defendant WISHNER is not a "paradoxical" septuagenarian. (Def. Sen. Pos. at 1.) On the contrary, like many fraud defendants that this Court has sentenced, defendant WISHNER is a "two-faced" con man. Through his public persona, defendant WISHNER of necessity presents himself to be a stalwart, reliable and trustworthy member of the community, who is devoted to his family, intends harm to no one and whose word can be relied upon. In reality, for over a decade defendant WISHNER has cavalierly taken the hard-won earnings, if not life-savings, of others and undermined their ability to retire or take care of their own families, for no purpose other than enriching himself and supporting an affluent life-style. Predictably, and without any paradox, after participating in this massive Ponzi scheme for over ten years, when defendant WISHNER was subpoenaed by the Securities and Exchange Commission and his fraud was about to be uncovered in June 2014, he doubled down with his co-conspirator, defendant GILLIS, and took in another $15 million between June and September 2015 in a desperate effort to keep their fraud scheme going.

For similar reasons, defendant WISHNER's offense conduct was not an "aberrant" episode in an otherwise law-abiding life as he contends. (Def. Sen. Pos. at 13.) To the contrary, for over a decade it was an integral component of his life, albeit a hidden one. No sentencing reduction is warranted on this ground. Cf. United States v. Colace, 126 F.3d 1229, 1231 (9th Cir. 1997) (aberrant conduct warranting a sentencing departure is conduct that represents a "short-lived departure from an otherwise law-abiding life"); United

2

States v. Fairless, 975 F.2d 664, 667 (9th Cir. 1992) (factors to be evaluated when considering downward departures based on aberrant conduct include the "singular nature" of the criminal act, and spontaneity and lack of planning).

**III. A Substantial Sentence Is Necessary To Serve The Statutory Goals Of Sentencing**

The central purpose of imposing a substantial custodial sentence on defendant WISHNER is not, as he suggests, to exact unwarranted, or even vengeful, "retribution" on defendant. Rather, a substantial custodial sentence is required here in order to accomplish some of the most fundamental purposes of sentencing, namely, to have the sentence "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as to "afford adequate [general] deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A), (B). Permitting defendants such as GILLIS and WISHNER to receive their requested sentence of 24 months (of which less than 22 months would actually be served) would certainly undermine the purposes of promoting respect for the law and providing just punishment for their offenses in that it would make it appear that wrongdoers who take in excess of $130 million from nearly 1300 victims need only pay a modest price for the severe harms they imposed on their victims.

Defendant WISHNER suggests that the Court should somehow balance the harms that will be suffered by defendant WISHNER's family members when the Court imposes sentence with the harms endured by the victims of defendant GILLIS and WISHNER's wrongdoing. (Def. Sen. Pos. 1.) This suggestion rests on a false and misleading equivalence. To be sure, defendant WISHNER's family members have been collaterally

3

harmed by defendant WISHNER and, as some of their letters attest, they are heart-broken and do not want to see defendant WISHNER spend any time in custody. However, this is a risk that defendant WISHNER knowingly imposed on his own family members, whose love and trust he thoroughly betrayed. In this respect, defendant WISHNER's culpability is even greater because he deceived not only those he did not know and was not close to, but also those closest to him; and in this regard he is perhaps even less deserving of leniency. The victims of defendants GILLIS and WISHNER's crimes, in contrast, are entitled to expect from the Court that defendants will suffer a just punishment for their crimes, and that this punishment will fully reflect the seriousness of defendants' offenses, which were of a magnitude rarely seen among the financial crimes committed in this district. For this reason, the government has recommended a substantial period of incarceration, which it respectfully submits is a well-deserved and just punishment for defendants' crimes.

**IV. Defendant WISHNER's Acceptance Of Responsibility Does Not Warrant A Reduced Sentence Beyond The Three-Level Reduction Provided For In The Sentencing Guidelines**

Like defendant GILLIS, defendant WISHNER contends that his "early, complete, and unprotected" acceptance of responsibility and his "extensive and ongoing cooperation and assistance with the government and the Receiver" warrant a reduced sentence. (Def. Sen. Pos. 14.) Defendant WISHNER exaggerates. Defendant WISHNER admitted his wrongful conduct only after the government had already discovered it and could prove it. The government had evidence of the NASI scheme beyond any doubt through bank records and the documents provided by the investors. By pleading guilty, defendant WISHNER helped himself by becoming eligible for the 3-point downward

4

adjustment for acceptance. It is true that he spared the government the time and expense of a trial, but this is recognized by the acceptance of responsibility adjustment under the guidelines and no further sentencing adjustment is warranted on this basis.

Defendant WISHNER also exaggerates the quantity and quality of his cooperation with the government and the Receiver. Defendant WISHNER met with the prosecutors in this case. He discussed the details of his own offense but had little information to offer regarding any criminal activity by others. (Decl. of Ranee A. Katzenstein ¶ 5.) Cf. USSG § 5K1.1 (authorizing departures where "defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense") (emphasis added).

Defendant WISHNER's account of his cooperation with the Receiver is also too rosy. It is true that counsel for the Receiver stated, in the First Report and Recommendation of the Receiver, that defendant WISHNER, along with defendant GILLIS provided "important information" that was helpful, "particularly due to the very primitive system of spreadsheets and lists GILLIS used to track investors and their transfers to and from NASI." However, here is what counsel for the Receiver said about defendant WISHNER's subsequent efforts to cooperate with the Receiver:

> EDWARD WISHNER was asked for information and documents on more occasions than Mr. Gillis because of his dealings with the Oasis entities. Mr. Wishner met with the Receiver for the better part of a day in April 2015 and turned over documents located at his office located in Woodland Hills. Both before and since that meeting, Mr. Wishner's cooperation has been limited.
>
> Mr. Wishner produced some of the documents he was asked to produce, but not all. . . .

>     The Receiver learned that Mr. Wishner was receiving
> post-Receivership payments under a settlement agreement
> with a woman who had borrowed money from Oasis.  Mr.
> Wishner had failed to disclose those payments.  The
> Receiver demanded that Mr. Wishner turn the money over to
> the Receiver, which he eventually did.
>
>     The Receiver asked Mr. Wishner for documents relating
> to an entity affiliated with Oasis . . . Wishner provided
> very few documents relating [to this entity] . . .  The
> Receiver then learned from the manager [of the entity] that
> Mr. Wishner had tax returns for [the entity].  The
> Receiver's counsel raised this with Mr. Wishner's counsel
> and only then did Mr. Wishner provide the tax returns to
> the Receiver.

(Decl. of Ted Fates ¶ 5.)

**V.  CONCLUSION**

For the foregoing reasons, and the reasons set forth in the government's previously filed Sentencing Position, the government respectfully requests that this Court:

- Find that a 24- level enhancement applies under USSG § 2B1.1(b)(1)(M), as amended, because the loss was more than $65 million but less than $150 million;

- Find that a 6-level enhancement applies under USSG § 2B1.2(b)(2), as amended, because 25 or more victims suffered substantial financial harm;

- Find that a 2-level enhancement applies under USSG § 2B1.1(b)(10)(C), as amended , because the offense involved sophisticated means and defendant WISHNER intentionally engaged in or caused the conduct constituting the sophisticated means;

- Find that defendant WISHNER's total adjusted offense level, including a 3-level reduction for acceptance of responsibility under USSG § 3E1.1, is 36;

1 | - Sentence defendant WISHNER to 204 months, the middle of the applicable advisory sentencing guidelines range; and
2 | - Order that defendant WISHNER be remanded into custody to begin service of his sentence.

Dated: November 9, 2015          Respectfully submitted,

                                 EILEEN M. DECKER
                                 United States Attorney

                                 LAWRENCE S. MIDDLETON
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                       /s/
                                 _____
                                 RANEE A. KATZENSTEIN
                                 PAUL G. STERN
                                 Assistant United States Attorneys

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

# CERTIFICATE OF SERVICE

I, Belinda B. Tunque, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of: **GOVERNMENT'S RESPONSE TO DEFENDANT EDWARD WISHER'S SENTENCING POSITION** service was:

| | | | |
|---|---|---|---|
| [ ] | Placed in a closed envelope, for collection and interoffice delivery addressed as follows: | [X] | Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows: |
| [ ] | By hand delivery addressed as follows: | [ ] | By facsimile as follows: |
| [ ] | By messenger as follows: | [ ] | By federal express as follows: |

**U.S. Probation Officer Adam Sweeney**
**United States Probation Office**
**21041 Burbank Boulevard, Suite 200**
**Woodland Hills, CA 91367-6609**

This Certificate is executed on November 9, 2015, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

*Belinda B. Tunque*
BELINDA B. TUNQUE